THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VALENTINO RODRIQUEZ, Defendant-Appellant.

(No. 74-333; ▮▮▮▮▮▮▮

Fifth District—July 10, 1975.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John C. Reznick, State's Attorney, of Vandalia (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant, Valentino Rodriquez, appeals from a conviction and sentence of 1 to 3 years based on his plea of guilty to a charge of escape from the Vandalia Correctional Center in violation of section 3—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1003—6—4(a)). Defendant's only contention on this appeal is that the record as a whole fails to establish a factual basis for the plea of guilty, as required by Supreme Court Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, § 402(c)). The rationale for this contention is that the defendant's testimony at the probation hearing demonstrated a possible successful defense of compulsion, about which the trial court failed to adequately inquire.

Defendant, who was serving a term of imprisonment for burglary, was granted a 3-day home furlough on December 17, 1973, which was to run until December 20, 1973. Upon defendant's request the furlough was extended to December 21, 1973, because the defendant was unable to return due to inclement weather. The defendant did not return on December 21, 1973, or thereafter until he was apprehended more than a month later.

On May 28, 1974, the defendant entered a plea of guilty to the charge of escape and made an oral motion for probation. On July 3, 1974, a probation hearing was held. During the probation hearing defendant asserted that he did not return to the correctional center as was required because of fear of retribution from one of the prison officers. Defendant explained that the officer had given him $165 with which the defendant was to purchase for the officer 1 pound of marijuana during his furlough, that he had squandered the money celebrating his furlough, and that he consequently feared what the officer might do upon his return with neither the marijuana, nor the money. Also during the probation hearing a deputy sheriff from Fayette County testified that the same officer accused by the defendant had been under investigation as a result of a complaint from another inmate. It is not clear from the statement of the deputy sheriff whether the previous complaint was based on an attempt by the prison officer to purchase marijuana or on rough treatment of an inmate by the officer. The deputy sheriff further testified, however, that he had been advised that the accused prison officer had since been released from his duties as a prison officer, supposedly because he was found in possession of marijuana.

Defendant asserts that, based on the above facts, the trial court should have made further inquiry into the possible defense of compulsion before determining that a factual basis existed for the defendant's plea of

guilty. This contention is without merit.

Compulsion is defined by section 7—11(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 7—11(a)) as follows:

> "(a) A person is not guilty of an offense, other than an offense punishable with death, by reason of conduct which he performs under the compulsion of threat or menace of the imminent infliction of death or great bodily harm, if he reasonably believes death or great bodily harm will be inflicted upon him if he does not perform such conduct."

■■ There is nothing in the testimony of the defendant or of anyone else who testified during these proceedings which indicates that the prison officer had threatened the defendant or that the defendant's belief that he would be harmed upon his return was otherwise reasonable. It would be a most dangerous rule to allow a defendant to shield himself from prosecution for crime by setting up a threat of harm where none exists. See 1 Wharton's Criminal Law § 384 (12th ed. 1932).

■■ However, even assuming the presence of the threat of harm, the defendant still cannot take advantage of the defense of compulsion. That defense is available only where the compulsion has arisen without the negligence or fault of the person who insists upon it as a defense. (*People ex rel. Rusch v. Rivlin,* 277 Ill.App. 183; 22 C.J.S. *Criminal Law* § 44, at 136 (1961).) In the instant case the compulsion, if it actually existed, arose only from the defendant's appropriation for his own use of the funds given to him by the prison officer. Had the defendant returned the money instead of squandering it or had he completed the illegal scheme as planned, no compulsion would have arisen. Thus the compulsion resulted from the defendant's own negligence or fault, and the statutory defense is therefore inapplicable.

■■ Moreover, the defense of compulsion is a defense only with respect to the conduct demanded by the compeller. (*People v. Davis,* 16 Ill.App.3d 846, 306 N.E.2d 897.) It is clear that, had defendant returned to the correctional center, any harm he might have suffered at the hand of the prison officer would not have been for the purpose of forcing him to escape. If such threatened harm would have the purpose of forcing the defendant to do any particular thing, that thing would only be fulfillment of the agreement or repayment of the $165, not escape.

Since the defense of compulsion could not, as a matter of law, apply in the instant case, the trial court did not err in failing to inquire further into the possibility of the defense. Therefore, there was no error in finding a factual basis for the plea.

Affirmed.

KARNS and CARTER, JJ., concur.,