THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES L. TERRY, Defendant-Appellant.

(No. 74-374; ▮▮▮▮▮▮▮▮)

Fifth District—July 21, 1975.

714

Stephen P. Hurley and Thomas F. Sullivan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John C. Reznick, State's Attorney, of Vandalia (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Pursuant to plea negotiations, the defendant pled guilty to the charge of escape from the Vandalia Correctional Center in that he failed to return from furlough. After the plea of guilty was entered by the defendant, the court set a hearing on defendant's motion for probation. At this hearing the defendant raised for the first time the allegation that his failure to return to the institution at Vandalia was prompted by his fear for his personal safety. The petition for probation was denied by the court, and defendant was sentenced to the Illinois Department of Corrections.

On his appeal, defendant submits two issues for our consideration. The first issue is that the trial court failed to ascertain whether the defendant intelligently pled guilty to the charge of escape when it did not determine whether the defendant was aware of the affirmative defense of compulsion. The defendant also maintains that his petition for probation should have been granted.

Defendant had about 3 months remaining on the underlying offense when he was granted a 3-day furlough. He was picked up in Atlanta, Georgia, 6 days after his furlough expired. At the probation hearing,

the defendant explained the circumstances surrounding the instant offense in that he feared returning to the institution beause of the use of drugs among the inmates and because of the danger resulting from his cooperation with the authorities investigating such drug use. There was also some mention made of sexual attacks in his dormitory at Vandalia. However, an examination of the record reveals that the defendant had, in 4½ months at Vandalia, actually seen only one incident of sexual assault, which was not directed at him. The defendant had not reported this incident.

While the defendant's testimony indicated that there was substantial drug traffic and use of drugs in the institution, there was no indication that he had, prior to the escape, been threatened or abused by any person as a result of any drug use or traffic. It is apparent from the testimony at the hearing that his intent to escape was formed after he had been released on furlough, and the defendant's fear of return to the institution, insofar as it related to the drug traffic within the institution, was primarily due to his post-escape cooperation with the authorities in the investigation of the drug traffic.

Compulsion is defined by section 7—11(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 7—11(a)) as follows:

> "(a) A person is not guilty of an offense, other than an offense punishable with death, by reason of conduct which he performs under the compulsion of threat or menace of the imminent infliction of death or great bodily harm, if he reasonably believes death or great bodily harm will be inflicted upon him if he does not perform such conduct."

As a matter of law, the defense of compulsion was unavailable on the instant facts. There was no showing of any direct threat to the defendant when he was in Georgia after his furlough expired, or of any threat aimed at securing the defendant's escape from the institution. The above statute on compulsion makes it clear that defendant must believe violence will be inflicted upon him if he does not perform the particular conduct which constitutes the crime and the danger must be imminent. This was pointed out in *People v. Davis*, 16 Ill.App.3d 846. If there were a danger to the defendant, it would have had to be immediate to establish an element of the defense of compulsion. In the absence of such a showing, there was no basis for any conclusion that the defendant had or might have had an affirmative defense under the compulsion statute. The trial court conducted a detailed inquiry into the background and circumstances of the instant offense which included all the facts. This inquiry not only disposes of the contention that the trial court breached a duty in failing to inquire further about the suggested

defense, but also negates any claim that a factual basis was not established.

■■ Finally, defendant maintains that the trial court abused its discretion by failing to grant probation. Attached to the probation report submitted to the court was a three-page FBI record, dating back to 1960. Included among the offenses were numerous arrests and convictions for forgery and deceptive practices, and a prior charge of escape, for which offense the defendant received 2 years' probation conditioned on 6 months' incarceration. Under the circumstances of the case, we cannot say that the trial judge abused his discretion in sentencing the defendant.

Judgment affirmed.

JONES, P. J., and KARNS, J., concur.