THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL O'CONNOR, Defendant-Appellant.

Third District   No. 74-324

Opinion filed April 7, 1976.

Joseph M. Carnugel, of Joliet, for appellant.

Martin Rudman, State's Attorney, of Joliet (Bart Markese, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Paul O'Connor, was charged by information with the crime of rape. He withdrew his previously entered not guilty plea and changed his plea to guilty. The trial court accepted this plea after the admonishments of Supreme Court Rule 402 had been given and the court assured itself that his guilty plea was voluntarily and intelligently entered. The State presented a full factual basis for the guilty plea in which O'Connor concurred. The court further satisfied itself of defendant's guilt by specifically inquiring if he was pleading guilty because he was in fact guilty and he replied that he was. The court then entered judgment on defendant's plea of guilty to rape and sentenced him to serve 4 to 12 years in the Illinois State Penitentiary. The mittimus was stayed to September 11, 1974, in order for O'Connor to settle his personal affairs. On Septem-

ber 9, 1974, defendant filed a petition seeking leave to withdraw his guilty plea and requesting his prior plea of not guilty to be reinstated. After a hearing on the petition the court denied the relief sought. Defendant has appealed from that denial.

Two issues are raised on appeal: (1) Whether the trial court committed an abuse of discretion by denying defendant's petition to vacate his guilty plea; and (2) whether the court committed reversible error in holding that defendant, in testifying to conversations with his attorney concerning their evaluation of the evidence and witnesses waived the attorney-client privilege, and in thereafter allowing the prosecution to examine the attorney as to conversations with the defendant concerning the guilt or innocence of the offense charged.

While the mittimus was stayed the victim of the rape and her boyfriend visited the defendant at his place of residence. From this visit defendant claims the victim repudiated her earlier positive identification of him. Both the victim and her boyfriend admit to the visit but deny any repudiation of her unshaken positive identification of O'Connor as one of her rapists.

■■ It is the general rule that it is within the sound discretion of the trial court to decide whether a plea of guilty may be withdrawn. (*People v. Worley*, 35 Ill. 2d 574, 221 N.E.2d 267 (1966).) Defendant has cited numerous authorities purporting to establish that where a plea of guilty is entered on a misapprehension of the facts or the law, or in consequence of misrepresentation by counsel or the State's attorney or someone else in authority, or where the case is one where there is doubt of guilt of the defendant, or where the defendant has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, that the court should permit the withdrawal of the plea of guilty and allow the defendant to plead not guilty. In all the cases on which defendant relies one important fact is significant. The misapprehension of law or fact or the misrepresentation by someone in authority all concern the legal and factual consequences of a guilty plea and the fundamental constitutional rights waived by pleading guilty. The requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, §402) of admonishing a defendant, were designed to cure such defects as misapprehension of law or fact and any misrepresentation surrounding a guilty plea.

Defendant claims he was acting under several misapprehensions of law and fact and one particular misrepresentation. Defendant contends that a deputy misrepresented to him that hair, fingerprints, semen and blood found at the scene of the rape had been collected and tended to link him to the crime. Defendant admitted on cross-examination that he assumed

from the deputy's statement that from the items of evidence found a comparison had been made.

■■ It seems obvious that O'Connor was not under any misapprehension but was merely speculating about the strength of the State's case. The alleged misrepresentation of fact does not concern the entry or consequence of his guilty plea because he has not raised the issue of its voluntariness. To the contrary he admits he plead guilty knowingly and voluntarily and that Supreme Court Rule 402 was fully complied with. His argument that he now believes the eyewitness identification of the prosecutrix is not as strong as he originally assumed and that she may be impeachable, again involves only speculation of the strength of the case against him. He was well aware of his right to demand that all the State's evidence be tested by a jury trial. Knowing this he was willing to plead guilty and leave that evidence unchallenged. The record demonstrates his affirmance of the factual basis of the charge presented at the hearing in which he plead guilty. He was represented throughout by adequate counsel and does not claim inadequate or ineffective legal representation. We view his own mistaken judgment of the strength of the prosecution's case as insufficient grounds to show an abuse of discretion in denying his motion to vacate his guilty plea. Within the meaning of the cases on which defendant bases his arguments, a misapprehension of the law or a fact does not mean the misapprehension of any particular law or any particular fact. The case law and the substance of Supreme Court Rule 402 demand that the misapprehension of law or fact logically involve either the entry or consequences of a guilty plea. Defendant has failed to show that connection in the instant case.

Defendant's further misunderstanding resulting in his erroneous belief that his co-defendant's statement implicating him could be introduced into evidence is equally without merit. Every defendant need not know all the technical rules of evidence or techniques in trying a criminal case. We repeat, he does not now claim the counsel representing him was inadequate. Absent such a claim we find his arguments unconvincing. In *People v. Green*, 21 Ill. App. 3d 1072, 1075, 316 N.E.2d 530, 533 (1974), it was succinctly stated, "The fact that the defendant did not correctly assess every relevant factor entering into his decision to plead guilty does not render his plea invalid."

The factual basis presented by the prosecution convincingly established a sound basis for the court's acceptance of O'Connor's guilty plea. The prosecutrix positively identified her two rapists. Defendant O'Connor was picked out of a lineup by the prosecutrix. His co-defendant implicated O'Connor as his associate in the crime. When defendant was arrested a stereo was discovered in his possession which the prosecutrix later

identified as the one stolen from her apartment during the burglary and rape. O'Connor's only defense was the alibi of his wife and mother. The trial court stated after hearing all the evidence at the hearing on the petition to vacate the guilty plea that he believed the prosecutrix and her boyfriend that her identification was without any doubts. The trial judge further stated for the record that defendant's alibi witnesses told only what they wanted to hear.

■■ The evidence of guilt here both circumstantial and direct, was highly probative. Defendant admitted in open court that the factual basis was accurate and that he was guilty. Admittedly the trial court could expect, under the circumstances, that when the defendant said he was in fact guilty that it was the truth. A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, whose action will be upset only on showing abuse of that discretion. (*People v. Moore*, 8 Ill. App. 3d 351, 290 N.E.2d 268 (1972); *People v. Olden*, 130 Ill. App. 2d 773, 266 N.E.2d 404 (1971).) We find no abuse of discretion in the present case.

■■■ Defendant raises a second issue whether it was error for the court to permit, over objection, cross-examination of defendant as to his conversation with his attorney, and the attorney's testimony concerning the same conversation, when defendant himself earlier testified to a part of the conversation but not to all of it. The trial court overruled defendant's objection based on the attorney-client privilege and stated "[I] believe the law to be *** that when a client testifies to portions of conversation with his own lawyer, [as defendant did], I do not believe the law to be that he can select portions of a conversation which are favorable to him and then bar any further or additional conversation by asserting the attorney-client privilege." In holding defendant had waived the attorney-client privilege by testifying to part of the conversation, the further testimony of the attorney is relevant where the client has questioned the attorney's representation and handling of his case. McCormick on Evidence §93, at 194-95 (2d ed. 1972), states the applicable principle on waiver of the privilege by a client: "If on direct examination *** [the client] testifies to *the privileged communications,* in part, this is a waiver as to the remainder of the privileged consultation or consultations about the same subject." (Emphasis added.) The reasoning allowing such a waiver is that it would be unfair for a client to insist on the privilege after he has, by his own voluntary conduct, made a partial disclosure of the privileged communication. Waiver of the attorney-client privilege by the client's voluntary conduct has been consistently upheld. (*People v. Peaslee*, 7 Ill. App. 3d 312, 287 N.E.2d 309 (1972) (abstract opinion); *Turner v. Black*, 19 Ill. 2d 296, 166 N.E.2d 588 (1960); *People v. Gerold*, 265 Ill. 448, 107 N.E.165 (1914).) We must disagree with defendant's position that the waiver here

did not extend to the objectionable testimony because it was beyond the limited subject matter of the testimony given by the client. O'Connor testified to a part of the conversation with his attorney concerning the procedure involved in a guilty plea. He indicated that they specifically discussed his admission of guilt in open court required with a guilty plea. It was not beyond that subject matter to question the attorney, after the waiver concerning the rest of the communication, and whether defendant sought to plead guilty because he in fact was guilty. The testimony of the attorney did not reveal that the defendant had confessed guilt to him and could not have damaged defendant in any event.

We find no reversible error occurred. The judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.