THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAYMOND TARBILL, Defendant-Appellant.

Third District   No. 76-75

Opinion filed April 13, 1977.

Robert Agostinelli and Verlin Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert J. Renkes, State's Attorney, of Morrison (Michael B. Weinstein and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On May 21, 1975, the defendant, Raymond Tarbill, was indicted on one count of burglary and one count of possession of burglary tools. While the possession of burglary tools count was dismissed on the motion of the State, the defendant pleaded guilty to burglary on July 31, 1975. Subsequently, on August 20, 1975, the defendant was sentenced to a term of imprisonment of not less than 2 nor more than 6 years.

By leave of court, the defendant subsequently filed a motion for withdrawal of the previously entered plea of guilty which was considered timely filed. Following a hearing, the Circuit Court of Whiteside County denied the defendant's motion to withdraw the guilty plea and vacate the conviction. From this order the defendant appealed.

At the time the defendant pleaded guilty, he indicated he was satisfied with his attorney's services, that he understood the charge against him, that he understood he did not have to plead guilty, that no one was forcing him to enter the plea, that he was knowingly relinquishing his right to a jury trial, as well as the right to confront the witnesses against him, by pleading guilty. The defendant admitted in court that he acted as a "watch out" and he knew the person he accompanied to the house was going to steal some property.

The defendant's basis for seeking a withdrawal of the guilty plea is that he has a defense worthy of a jury's consideration. According to the facts of the burglary related by the defendant at the withdrawal hearing, he admits to being an "accessory-after-the-fact" (see Ill. Rev. Stat. 1975, ch. 38, par. 31—5), while arguing that he is not accountable for the burglary. He also stated that he pleaded guilty on the advice of counsel but he had expressed dissatisfaction with that counsel.

■■■ Whether or not a defendant should be allowed to withdraw a plea of guilty is within the trial court's discretion and the decision will not be disturbed on appeal unless there is an abuse of discretion. (*People v. Denning* (1939), 372 Ill. 549, 25 N.E.2d 6; *People v. O'Connor* (3d Dist. 1976), 37 Ill. App. 3d 310, 345 N.E.2d 520.) Although the law favors jury trials (*People v. Riebe* (1968), 40 Ill. 2d 565, 241 N.E.2d 313; *People v. Jameson* (1944), 387 Ill. 367, 56 N.E.2d 790), the permission to withdraw a plea of guilty is not granted as a matter of right, but only after the defendant carries the burden of proof by showing the withdrawal is necessary to correct a manifest injustice based on the facts of the case. (*People v. Linden* (2d Dist. 1975), 27 Ill. App. 3d 45, 325 N.E.2d 809.) Generally, the withdrawal of a plea will be allowed where it appears the plea resulted from a misapprehension, of law or fact or in consequence of misrepresentation by counsel, State's Attorney, or someone else in authority; where there is doubt as to the guilt of the accused; where the accused has a defense worthy of consideration by a jury; or where the

ends of justice are better served by submitting the case to a jury. *People v. Morreale* (1952), 412 Ill. 528, 107 N.E.2d 721.

In the case at bar, there is no evidence of misapprehension of law or facts. The defendant's motion does indicate that he was apprehensive of a long sentence, and generally of what might happen to him. From the colloquy between the trial court and the defendant, there does not appear to be any misapprehension of law on the part of the defendant. Nor is there any misapprehension of the facts. After the State's Attorney related the factual basis of the case to the court, the defendant's only comments were:

> "DEFENDANT: Well, we both went to the house and I was a watch out, and Pritchard went into the house, but nothing was taken outside the house.
>
> COURT: You knew he was going to steal some stuff?
>
> DEFENDANT: Yes, he told me."

No allegation of any misrepresentation by counsel, State's Attorney or any one in authority is now made by the defendant.

■■■ Since the defendant admits guilt of, at least, being an accessory after the fact, there is no doubt as to the guilt of the defendant. The only argument the defendant puts forth is that the defense he now presents should be considered by a jury. However, the defendant has waived this argument because this issue was nowhere raised in the defendant's motion to withdraw the plea of guilty. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) Furthermore, since we find no defect in the procedure surrounding the defendant's guilty plea (*cf. People v. Morreale* (1952), 412 Ill. 528, 107 N.E.2d 721), the ends of justice are not better served by submitting this case to a jury.

Accordingly, the order of the Circuit Court of Whiteside County denying the defendant's motion to withdraw his guilty plea and vacate the judgment was properly entered.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.