Argued June 29, affirmed July 25, 1977

STATE OF OREGON, *Respondent,*
*v.*
SCOTT EUGENE WATERHOUSE, *Appellant.*
(No. C 75-12-3960 Cr, CA 7837)

567 P2d 551

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Carol J. Molchior, certified law student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

PER CURIAM.

## PER CURIAM.

Defendant appeals from an order revoking his probation and sentencing him to five years in the custody of the Oregon Corrections Division.

Defendant was convicted for unauthorized use of a vehicle on March 10, 1976, and was placed on five years' probation on condition that he serve one year in the Multnomah County Correctional Institution (MCCI) on work release. According to defendant's brief, defendant escaped from MCCI in October 1976, was apprehended and pled guilty to an escape charge. The trial court revoked probation on the original unauthorized use of a vehicle charge and sentenced defendant to serve the balance of his five-year term.

Defendant acknowledges that probation is granted, withheld or revoked in the exercise of the judicial discretion of the trial judge. *Barker v. Ireland,* 238 Or 1, 392 P2d 769 (1964). He argues that his escape from MCCI was motivated by threats on his life by other inmates and that therefore the revocation of probation was an abuse of discretion.

The record in this case does not reveal facts sufficient to provide a defense of necessity or duress to the escape charge. *See, People v. Terry,* 30 Ill App3d 713, 332 NE2d 765 (1975); *Helton v. State,* 311 So2d 381 (Fla App 1975); *State v. Boleyn,* 328 So2d 95 (La 1976). Even if the record established a defense to the escape charge, that defense should have been raised at the trial for escape. As defendant pled guilty to the charge of escape, his possible defense to that charge cannot form the basis for a holding that the subsequent revocation of probation was an abuse of discretion.

Affirmed.