THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES WALTERS, Defendant-Appellant.

Third District   No. 77-172

Opinion filed October 17, 1977.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Charles Walters appeals from a judgment, entered in the Circuit Court of Will County, in which he was found guilty of escape. He also appeals from the denial of his subsequent motion to withdraw his guilty plea. The trial court had sentenced him to a term of 2 to 6 years imprisonment. On appeal in this court, defendant contends that the trial court abused its discretion in refusing to permit him to withdraw his guilty plea.

The record in this cause indicates that on April 7, 1976, defendant Walters was indicted by the Will County grand jury for the offense of escape in violation of section 3—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1003—6—4). On July 19, 1976, defendant, who was accompanied by his court-appointed counsel, appeared in court and tendered a plea of guilty to the offense which was charged. After he was properly admonished in accordance with Supreme Court Rules, notably, Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402), the trial court accepted his guilty plea. As a factual basis for defendant's plea, it appeared that defendant had, on November 7, 1975, while in the custody of the Department of Corrections, escaped from the prison grounds and remained away from custody of the Department of Corrections until he was recaptured several months later in Los Angeles, California.

On September 17, 1976, prior to the sentencing hearing, defendant filed a motion to vacate the judgment on the guilty plea, and alleged that he had a defense to the charge and requested that he be permitted to withdraw his plea of guilty. On September 24, 1976, after conducting a hearing on the motion, the trial court denied the motion. The sentence of 2 to 6 years imprisonment was imposed to run consecutively with other sentences defendant was then serving, as is normally done in escape cases.

Defendant argues on the current appeal, that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea. We note that in *People v. Spicer* (1970), 47 Ill. 2d 114, 116, 264 N.E.2d 181, the Illinois Supreme Court stated:

> "The general rule is that it is within the sound discretion of the trial court whether a plea of guilty may be withdrawn; and that this discretion will not be disturbed unless it appears that the guilty plea was entered through a misapprehension of the facts or of law, that defendant has a defense worthy of consideration, or where there is doubt of guilt of the accused and the ends of justice would

better be served by submitting the case to trial. (*People v. Worley*, 35 Ill. 2d 574.)"

It is further noted, as stated in *People v. Johnson* (5th Dist. 1975), 28 Ill. App. 3d 902, 905, 329 N.E.2d 900:

"The standards for the withdrawal of a guilty plea are firmly established in Illinois. The defendant has no absolute right to withdraw a plea of guilty once made, and it is usually within the discretion of the trial court to grant the motion to withdraw a plea of guilty. The motion is to be granted not as a matter of right, but to correct a manifest injustice based on the facts of the individual case."

In the instant case, defendant's motion requesting permission to withdraw his guilty plea alleged that prior to defendant's escape from the custody of the Department of Corrections, certain inmates had threatened defendant, and that prior to the entry of defendant's guilty plea, defendant had informed his counsel of these threats. Defendant also asserted that he had determined to enter a plea of guilty to avoid raising the affirmative defense of compulsion.

■■ Defendant's motion also alleged that subsequent to the entry of the guilty plea, defendant received letters of a threatening nature. He attempts to establish that these threats persuaded him not to raise the defense of compulsion, which would have necessitated defendant naming the inmates who threatened the defendant and that this made his action on the plea not voluntary. Under the circumstances as presented in the record in this cause, we are unable to agree with defendant that the trial court was in error in determining that defendant's guilty plea was voluntary. It is clear that defendant discussed the matter with his counsel prior to the plea, so that defendant's determination as to whether to raise the defense was an informed determination. Further, defendant, prior to April 5, 1976, had addressed a letter to the transfer coordinator of the Department of Corrections advising that official that defendant was concerned for his personal safety, so that the presentation at trial of the defense of necessity may have involved only a repetition of information already given to the Department of Corrections. We observe that the notification of the authorities, within the Department of Corrections, is the proper and preferable avenue to be taken in the situation alleged by defendant and that the Department authorities would presumably take all necessary or appropriate actions to protect defendant.

■■ Defendant further argues that the trial court abused its discretion in refusing to allow defendant to withdraw his guilty plea because defendant had a defense worthy of consideration. His defense is related to the problems discussed in *People v. Unger* (1977), 66 Ill. 2d 333, 362 N.E.2d 319. In that case, the Illinois Supreme Court held that the defense

of necessity could be applicable to the offense of escape. The court there held that five conditions have been held to be requisite for the presentation of the defense of necessity and are matters which affect the weight and credibility of a defendant's testimony in establishing the defense of necessity in Illinois. These conditions are, specifically:

"(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

(3) There is no time or opportunity to resort to the courts;

(4) There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat." (66 Ill. 2d 333, 342.)

In the instant case, defendant contends that he was faced with threats of sexual attack and possible physical reprisals. There is no indication in the record that defendant did not have time prior to his escape to resort to the proper authorities or to the courts. The record does indicate, however, that rather than reporting to the proper authorities immediately after his escape, defendant did not report to any authorities and was recaptured in California several months after his escape. We conclude that what we have stated in the original consideration of the case of *People v. Unger* in this court (*People v. Unger* (3d Dist. 1975), 33 Ill. App. 3d 770, 776, 338 N.E.2d 442, affirmed by the Illinois Supreme Court as noted), is applicable here:

"We have not overlooked the case of *People v. Davis*, 16 Ill. App. 3d 846, 848, 306 N.E.2d 897 (3d Dist. 1974). This case, which was decided in our court, is distinguishable from the instant case because in the *Davis* case defendant made no claim that there was imminent danger to his life. In that case, also, it was noted that defendant was apprehended only after more than a month following his escape, when he was in the State of Alabama. In our case, defendant Unger was found two days later wearing his prison clothes in a motel room near the prison. In another recent case, *People v. Terry*, 30 Ill. App. 3d 713, 332 N.E.2d 765 (5th Dist. 1975), there was likewise also no showing of an immediate death threat, since defendant was away from the prison on furlough when he escaped. His reason for failing to return to prison in the *Terry* case was because of information he had given to the authorities *after* he had escaped and been captured. Terry got as far away as Georgia."

In the instant case, there was obviously no imminent danger to the life of defendant and by reason of his absence for several months, prior to his recapture in California, we conclude that the trial court did not abuse its discretion in finding that his defense of necessity was not worthy of consideration.

For the reasons stated, therefore, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.