THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVE BOVINETT, Defendant-Appellant.

Fifth District    No. 78-472

Opinion filed July 13, 1979.

Carmen S. Durso, of Rice, Durso and Rice, of Belleville, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Steve Bovinett appeals from a judgment entered on a guilty plea convicting him of the crime of eavesdropping.

On appeal defendant asserts that the trial court erred in denying his motion to withdraw his plea because the plea was based on a misapprehension of law and because defendant was denied effective assistance of counsel.

On August 18, 1977, defendant was charged by indictment with seven counts of eavesdropping. The first six counts charged that defendant recorded various telephone conversations with Dean Turner without first obtaining proper consent as required by section 14—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 14—2(a)). The seventh count alleged that defendant knowingly used information obtained through the use of an eavesdropping device in an administrative proceeding in St. Louis, Missouri.

Defendant was arraigned on September 2, 1977, and pleaded not guilty. The public defender was appointed to represent him, and defendant had three or four meetings and numerous telephone conversations with the assistant assigned to his case. Possible defenses to the charges were discussed, and the assistant told the defendant that in his legal opinion those defenses were unlikely to succeed in court. The assistant filed two motions for discovery, a motion to suppress identification, and a motion to suppress confession. Having concluded on advice of counsel that he could not successfully defend against the

charges, defendant entered a negotiated plea of guilty to counts I, II, and VII of the indictment on October 27, 1977. The remaining four charges were dropped. On January 5, 1978, defendant filed a motion to withdraw his plea, contending that he had misapprehended the law and facts of the case and that he had a meritorious defense. The trial court conducted a hearing on January 27, 1978, and denied the motion.

■■ Defendant asserts and the State concedes that the acts alleged in count VII occurred outside the State of Illinois and that consequently, the trial court had no jurisdiction over the offense. We agree. (22 C.J.S. *Criminal Law* §133 (1961).) Accordingly, the judgment as to that count must be vacated.

Defendant contends that he entered his plea of guilty under the misapprehension that he had no defenses to the charges when, in fact, he did have "constitutional" and selective prosecution defenses. Our review of the record indicates that the defendant's initial evaluation of his predicament was in all probability correct—he had no meritorious defenses to counts I and II.

■■ It is well settled that where a defendant demonstrates to the trial court that he may have a defense to the charges against him, the trial court should permit him to withdraw his plea of guilty. (*People v. Riebe* (1968), 40 Ill. 2d 565, 241 N.E.2d 313.) The trial court should exercise its discretion in favor of innocence and liberty. (*People v. Schraeberg* (1930), 340 Ill. 620, 173 N.E.2d 148.) However, permission to withdraw a plea is not a matter of right, and the trial court's determination will be reversed only if its actions constitute an abuse of discretion. The defendant has the burden of demonstrating to the court that withdrawal is necessary to correct a manifest injustice based on the facts of the case. *People v. Tarbill* (1977), 47 Ill. App. 3d 286, 361 N.E.2d 1178.

■■ Upon this record, we find no abuse of discretion by the trial court. The sufficiency of the admonitions given the defendant at the time he entered his plea is not challenged, and our review convinces us that they were adequate. Defendant tacitly concedes that he performed the acts charged. He simply contends, in terms lacking any legal substance whatsoever, that the statute is subject to "constitutional" attack. He further asserts that he was improperly charged because the prosecutor did not charge others who may have committed the same acts. This is no defense to a proper prosecution. As stated in *Newman v. United States* (D.C. Cir. 1967), 382 F.2d 479, 481-82:

> "Myriad factors can enter into the prosecutor's decision. Two persons may have committed what is precisely the same legal offense but the prosecutor is not compelled by law, duty or tradition to treat them the same as to charges. On the contrary, he is expected to exercise discretion and common sense ° ° ° ."

Defendant's assertion that he was denied effective assistance of counsel is simply without basis in this record. Certainly, counsel is not required to persuade a defendant to pursue defenses which he believes to be untenable, particularly when, after being given the benefit of counsel's best legal assessment of the case, the defendant himself has decided to plead guilty and to obtain whatever benefits may be negotiated from that action.

Accordingly, the judgment of the circuit court of St. Clair County is affirmed with respect to counts I and II, and reversed with respect to count VII.

Affirmed in part and reversed in part.

JONES and KUNCE, JJ., concur.