THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DALE FRASCELLA, Defendant-Appellant.

First District (3rd Division)   No. 78-1734

Opinion filed February 6, 1980.

Frederick F. Cohn, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Richard F. Burke, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Dale Frascella, was charged with arson in that by means of an explosive device he destroyed an automobile owned by his former fiancee, Pamela Cherskov. He entered a plea of guilty to that offense and was sentenced to a term of five years. After the trial court denied defendant's motion to vacate his guilty plea, he appeals. Defendant contends that his guilty plea was involuntary because the prosecution caused him to have a misconception of the evidence. He bases this argument on a claim that the complainant Cherskov had repudiated a portion of her preliminary hearing testimony and that the prosecutor knew her testimony was false but coerced her to testify. Defendant also contends that the trial court should have granted the complainant immunity to compel her to testify at the hearing on defendant's motion to withdraw his guilty plea.

At the preliminary hearing on December 12, 1977, Officer Keller of the Oak Forest Police Department testified that on November 13, 1977, at approximately 3:18 a.m., he investigated an explosion which destroyed a 1976 Chevrolet Camaro. After talking to the owner of the automobile, Pamela Cherskov, Keller looked for and, five days later, located a white 1962 Pontiac at defendant's residence in Oak Forest. The vehicle contained a three-prong plastic explosive and a letter written to defendant by his brother.

The complainant testified at the preliminary hearing that on November 13, 1977, she lived in a ground floor apartment in Oak Forest. Her automobile was parked at the side of the building. At approximately 2:45 a.m., defendant entered the apartment through a bedroom balcony door. Defendant's brother was in the apartment with her. Defendant heeded her order to leave. Several minutes later, she saw defendant drive

by her residence in what she was "almost positive" was a white 1962 Pontiac. Although she viewed the automobile from a distance of 15 feet, she could give no additional characteristics of the vehicle. She testified that she told the police that defendant was driving a white 1962 Pontiac when he left her residence. Three days prior to the destruction of her automobile, she had refused to permit defendant to enter her apartment. Defendant threatened her and stated he had taken care of others by means of explosives and that he still had some plastic explosives remaining.

Complainant's brother testified at the preliminary hearing that, three days after the destruction of the automobile, defendant telephoned him. When the witness refused to allow defendant to talk to the complainant's mother, defendant threatened his life. Defendant also said that he would "take care of" the complainant's mother in the same way he "took care" of the complainant.

On June 13, 1978, defendant, represented by counsel, entered a plea of guilty to the arson charge. It was stipulated that defendant was 26 years old and had completed one year of college. The trial court admonished defendant concerning the guilty plea and its legal effects. Defendant stipulated to a detailed, factual basis for his guilty plea. He indicated that he had not been coerced into pleading guilty and that he understood the nature of the charge pending against him. The trial court accepted the plea and entered judgment.

On July 7, 1978, defendant filed a motion to withdraw his guilty plea. A hearing was set on the motion, and defense counsel filed a supporting affidavit. The affidavit recited that the complainant had given a statement at counsel's office that she had not seen defendant in a 1962 white Pontiac, but that defendant's brother told her defendant was driving that vehicle; that she was threatened by defendant's brother; that she told the prosecutor she could not identify a photograph of the automobile; and that she was advised by the prosecutor not to speak to defense counsel. Both prosecutors filed counteraffidavits in which they denied advising her not to speak to defense counsel; denied being told by her that she was unsure as to the vehicle; and denied that the complainant had advised them any part of her preliminary hearing testimony was untrue or that she had been threatened by defendant's brother.

At the hearing on defendant's motion to withdraw the guilty plea, defendant called complainant as a witness. Upon advice of her attorney, she invoked her fifth amendment privilege not to testify. The court sustained the State's objections to defendant's attempts to introduce into evidence complainant's statement to defense counsel, but permitted defense counsel to testify through an offer of proof as to what complainant had said to him. This testimony conformed to counsel's

affidavit. The trial court entered a finding that defendant's plea of guilty was made voluntarily and in compliance with Supreme Court Rule. The court also found that the affidavit, offer of proof, and the preliminary hearing transcript were insufficient to impeach or overturn defendant's plea of guilty. Accordingly, the trial court denied defendant's motion to withdraw the plea of guilty.

Defendant contends that his guilty plea was involuntary because it was based on a misconception of the evidence which he claims was caused by the prosecution.

■■ ■ A defendant has no absolute right to withdraw his plea of guilty. (*People v. Douthit* (1977), 51 Ill. App. 3d 751, 366 N.E.2d 950.) Permission to withdraw a guilty plea rests within the sound discretion of the trial court. (*People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181.) The exercise of such discretion will be disturbed only where it appears that the plea was based upon a misapprehension of the facts or law, that defendant had a defense worthy of consideration, or where serious doubt of guilt exists and the ends of justice would be served by a trial of the matter. (*People v. Williams* (1977), 52 Ill. App. 3d 229, 367 N.E.2d 449; *People v. Pack* (1976), 34 Ill. App. 3d 894, 341 N.E.2d 4.) And importantly, recanting testimony is regarded as very unreliable. *People v. Nash* (1966), 36 Ill. 2d 275, 222 N.E.2d 473.

■■ ■ In the present case, complainant has recanted only a small portion of her testimony, and the portion recanted was given at a preliminary hearing rather than during a trial. Her recantation is limited to the fact that she did not see defendant in a 1962 white Pontiac, but received the information from defendant's brother. The remainder of her testimony was unaffected. We view the recanted portion of the testimony as not being crucial either to defendant's guilt or to his conception of the evidence. We note also that the attempted recantation was contradicted by other testimony the complainant offered at the preliminary hearing. She stated that she told the investigating police officers defendant was driving a 1962 white Pontiac, and her testimony was supported by that of the police officer. Officer Keller testified that after talking to the complainant, the police searched for and finally found such a vehicle. The 1962 white Pontiac was located at defendant's residence, and it contained an explosive device and a letter written to defendant. Complainant's recantation obviously was lacking in credibility and reliability, and it properly was rejected by the trial court. Moreover, when defendant pleaded guilty, he was aware that complainant's testimony about the identification of his vehicle was weak. She was unable to identify even the basic physical characteristics of his automobile and could only state that she was almost positive it was a white 1962 Pontiac. Nevertheless, the mere fact that defendant misjudged the actual strength of the State's case

does not render his guilty plea invalid. (*People v. Jones* (1979), 74 Ill. App. 3d 243, 392 N.E.2d 973; *People v. O'Connor* (1976), 37 Ill. App. 3d 310, 345 N.E.2d 520.) In the present case, the trial court fully complied with Supreme Court Rule 402 and fully admonished defendant as to the legal effects of his guilty plea. Defendant's guilty plea was intelligently and voluntarily made, and the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea.

We shall deal summarily with defendant's contention that the trial court denied him due process by failing to grant immunity to Pamela Cherskov at the hearing on defendant's motion to withdraw his guilty plea. Since defendant made no effort to obtain such immunity at the trial court proceeding, he argues that the trial court on its own motion should have granted immunity.

■■ The courts of this State have no power to grant immunity in order to secure testimony which the defense deems relevant. (*People v. English* (1964), 31 Ill. 2d 301, 201 N.E.2d 455; *People ex rel. Kunce v. Hogan* (1976), 37 Ill. App. 3d 673, 346 N.E.2d 456.) The right to grant immunity is a power awarded to the State by the legislature. *People v. DeFord* (1978), 59 Ill. App. 3d 942, 376 N.E.2d 97.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON and RIZZI, JJ., concur.