THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ANTHONY HIERA, Defendant-Appellant.

Third District No. 79-212

Opinion filed March 12, 1980.

Ira B. Goldstein, of Murer & Goldstein, of Joliet, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Anthony Hiera, was charged in the Circuit Court of Will County with the following four traffic offenses: Attempting to elude police; speeding 110 m.p.h. in a 55 m.p.h. zone; reckless driving; and driving while his license was suspended. Pursuant to plea negotiations the defendant pleaded guilty to the charge of reckless driving and the remaining three traffic charges were dismissed. Part of the plea agreement included a 60-day sentence of imprisonment in the Will County jail for reckless driving. Defendant failed to surrender himself on the mittimus sentencing him to 60 days' imprisonment and a capias was ordered issued.

Thereafter defendant appeared in court and moved to vacate his guilty plea for the reason that his physical condition, due to leg injuries he had received in an automobile accident, would not permit him to serve the 60 days of imprisonment without aggravating his injuries. His motion to vacate was accompanied by a letter from his doctor specifying the nature of his leg injuries. The defendant's doctor suggested that the jail surroundings and atmosphere in Will County would aggravate the defendant's injuries, possibly causing slow improvement of defendant's condition and degenerative arthritis.

The defendant also requested the court to appoint a doctor to examine him, and to testify. Defendant argued that he was indigent and unable to pay his own doctor the expert witness fee to get him to testify pursuant to his letter in open court. The trial court denied both the request for a doctor's examination and the motion to vacate the guilty plea. This appeal followed.

Two issues are raised on appeal: (1) Whether the trial court abused its discretion in denying defendant's motion to vacate his guilty plea for the reasons urged by the defendant, and (2) whether the trial court erred in failing to appoint a physician to examine the defendant prior to his serving the 60-day sentence of imprisonment. Defendant has not argued that his guilty plea was not voluntarily made or that Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402) was not fully complied with in all respects. Nor does the defendant proffer that he is innocent or that the 60-day sentence of imprisonment was unduly excessive.

It appears that at the time of the plea agreement the defendant informed the court of the injury to his legs. When considering the plea agreement, which included a recommendation of 60 days' imprisonment, the trial court inquired of the defendant if he felt he would be able to serve a 60-day sentence of imprisonment in the Will County jail. Defendant told the court that he could. The court then accepted the guilty plea and imposed the sentence pursuant to the plea-bargained recommendation.

Defendant's argument is that when he told the judge he could serve the 60-day sentence he was laboring under a misapprehension of fact which should authorize his guilty plea to be vacated. (*People v. Tarbill* (1977), 47 Ill. App. 3d 286, 361 N.E.2d 1178.) Like the *Tarbill* case we find here no abuse of the trial court's discretion. In order for a misapprehension of fact to cause for allowing a guilty plea to be withdrawn, it must be so material as to cause the guilty plea to be involuntary. The usual case of a misapprehension of fact, which would justify a withdrawal of the guilty plea, occurs where the misapprehension is in consequence of a misrepresentation by counsel, State's Attorney, or someone

else in authority. Here no such overreaching was present. Defendant's alleged misapprehension of fact is his now-claimed error in his judgment, at the time he pleaded guilty, at which time he stated he could serve the sentence regardless of the condition of his legs.

■■ Although defendant was given a great degree of latitude leading up to and at the hearing on his motion to vacate his guilty plea, he failed to affirmatively establish in open court any competent medical support for the conclusion that a jail sentence would endanger his health. The written unsworn statement from the defendant's doctor, though hearsay, became part of the record and was clearly insufficient to support defendant's claim or to contradict his own prior assertion in open court that he believed he could serve the recommended sentence despite his leg injury. Defendant's claim of a misapprehension of fact, if believed, is nothing more than his own subjective mistake of judgment which is not sufficient basis to vacate his guilty plea. (See *People v. O'Connor* (1976), 37 Ill. App. 3d 310, 345 N.E.2d 520.) Defendant's guilty plea was voluntary, and the granting or denying of a motion to vacate a guilty plea rests within the sound discretion of the trial court. (*People v. Williams* (1977), 52 Ill. App. 3d 229, 367 N.E.2d 449; *People v. Walters* (1977), 53 Ill. App. 3d 517, 368 N.E.2d 800.) We do not believe the defendant has shown an abuse of that discretion.

■ Defendant's second claim of error is the refusal of the trial court to appoint a physician to examine him prior to serving his sentence of imprisonment. Defendant argues that he could not afford to retain his own doctor for a court-room appearance to support his alleged physical inability to serve the sentence imposed. At no time did the defendant establish his indigency to the court. He has employed private retained counsel both in the trial court and on appeal. The letter from his doctor indicated that he was then undergoing treatment and physical therapy for which some financial arrangement must have been necessary. We reject defendant's claim that he was denied equal protection and due process of law. (*See People v. Hanson* (1977), 44 Ill. App. 3d 977, 359 N.E.2d 188.) Additionally, since the defendant has failed to establish his indigency, he has accordingly failed to show an invidious discrimination based on wealth. His arguments of a constitutional violation are without merit.

The State's brief has emphasized an additional procedure which the defendant chose to ignore. If defendant sought to avoid the fee of retaining an expert medical witness to testify in open court he could have used his right to subpoena the presence of his physician as a witness at the hearing. This procedure would have only caused him to incur the standard witness fee which is minimal.

We believe no error occurred in the denial of a court-appointed

physician to examine defendant under the circumstances of the instant appeal. For the reasons stated the judgment of the Circuit Court of Will County is affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.