THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ISRAEL RAMOS, Defendant-Appellant.

First District (1st Division) No. 80—2052

Opinion filed July 26, 1982.—Rehearing denied October 18, 1982.

Steven Clark and Phillip J. Zisook, both of State's Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Shile M. King, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

After entering a guilty plea during trial, defendant was sentenced to 80 years for murder, 15 years for attempt murder, 15 years for attempt armed robbery, and 20 years for armed violence. On appeal, defendant contends (1) the trial court erred in accepting his guilty plea; (2) the trial court abused its discretion in imposing an extended term sentence on the conviction for murder; (3) the conviction for armed violence should be reversed because it is a lesser included offense of murder; and (4) the trial court erred in denying his motion to vacate the guilty plea.

We affirm in part and reverse in part.

On March 26, 1978, Rosalie Smith, her husband Robert, and Christine Miller were working at the Convenient Food Mart at 4106 N. Sheridan Road. At 7:35 p.m. and again at 8 p.m. defendant and Will Jabbar entered the store and walked through the aisles. Each

time defendant spoke with Miller. Neither man purchased anything.

At 9:30 p.m., defendant and Jabbar returned to the mart and acted as if they were purchasing groceries. After observing them from the back of the store, Robert Smith went to his office and removed a gun from his desk drawer. However, Jabbar approached Smith and held a gun to Smith's side. When Jabbar turned to speak to defendant, Smith struck Jabbar and fled. Smith heard gunfire and yelled a warning to Miller. He saw Jabbar aim a gun at him and he shot Jabbar.

Meanwhile, defendant held Miller at gunpoint at the front counter. After shooting Jabbar, Smith went to the front of the store and fired a warning shot at defendant. Defendant ran to the back of the store. Smith, Miller and two children exited through the front door.

Defendant returned and fired several shots through the front window. He also tried to open the cash register. Defendant then ran through a passageway leading to the alley. Seconds later, Smith heard gunfire from the alley. The body of Frank Detente was found in the alley near his car. Detente died of a gunshot wound to his chest.

Joyce Collins testified that she spoke with defendant on March 27, 1978. Defendant told her that he and Jabbar had robbed a store on the prior evening and that Jabbar and another man had been shot. After Jabbar was wounded, he gave his gun to defendant. Defendant also told Collins that he had shot a man who tried to stop him as he ran out the back door of the store. When defendant shot this man, a set of keys fell by defendant's feet. Defendant tried to, but could not start the car in the alley.

On the following day after the court reconvened, defendant stated he wished to plead guilty. After lengthy and explicit admonishments by the court, defendant entered guilty pleas on all charges. Thereafter, the following evidence was admitted by stipulation. A .22 caliber handgun was found in the front seat of Frank Detente's car. A Chicago Police Department firearms examiner determined that bullets removed from Robert Smith, who also had been shot during the incident, and from the body of Frank Detente had been fired from this gun. The same weapon had been identified by Smith as the weapon wielded by Jabbar during the incident. When police officers arrived at the store, they found Jabbar lying in a pool of blood. No weapons were found on or near him. The court then accepted defendant's guilty plea and entered findings of guilty on all charges.

First, defendant contends the trial court erred in accepting his guilty plea where the evidence indicated the existence of a meritorious defense. The evidence defendant relies on is as follows.

Miller and Smith testified that after Smith shot Jabbar, Jabbar shouted, "Manny, I've been shot." Defendant never used the name Manuel as an alias. Also after Smith viewed several photographs provided by police, he selected a photo of Manuel Rodriquez and stated that Rodriquez resembled the person who had robbed the store.

A plea of guilty should not be accepted and a motion to withdraw the plea should be granted if a defense worthy of consideration exists. (*People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181; *People v. Frascella* (1980), 81 Ill. App. 3d 794, 401 N.E.2d 1045.) The trial court's decision on this issue will not be reversed absent an abuse of discretion. *Frascella.*

In this case, the facts do not warrant reversal of the trial court's decision. Regarding Smith's identification of the perpetrator from the photographs, Smith testified that the man in the photo had no facial hair while the person who robbed the store had a goatee. Smith further testified that he did not make a positive identification from the photo. Christine Miller had three opportunities to observe defendant. She identified defendant immediately from a photographic display and identified defendant in court. We find that the evidence presented, particularly the aforementioned facts, overwhelmingly refutes defendant's theory. We therefore find no abuse of discretion by the trial court.

Second, defendant contends the trial court erred in imposing an 80-year, extended-term sentence on the conviction for the murder of Frank Detente. He argues that there were insufficient facts upon which to base the sentence.

The record discloses that Detente was shot shortly after defendant fled from the store. Miller and Smith testified that they heard gunfire seconds after defendant fled through the back entry toward the alley. The bullet wounding Smith and the bullet killing Detente had been fired from the same weapon. Defendant himself told Collins that he had killed a man who tried to stop him as he fled the store. The conclusion drawn by the trial court regarding this murder was that defendant "out of a murderous heart" took the life of Frank Detente. The trial court was in a better position than is this court to assess the circumstances surrounding the murder. After reviewing the record, we are in agreement with the trial court that the murderous act was heinous and indicative of wanton cruelty. Thus, an extended term was properly imposed. Ill. Rev. Stat. 1979, ch. 38, par. 1005–5–3.2(b)(2).

Third, defendant argues that his conviction for armed violence should be reversed because it is a lesser included offense of

murder. As noted recently in *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477, convictions for both armed violence and the underlying felony cannot stand where the same act is the basis for both charges. The court stated that alleging a felony in the armed violence charge has the effect, upon conviction, of making armed violence a lesser included offense. In the case at bar, the acts constituting the felony were also the basis for the armed violence charge. Thus, judgment should have been entered and sentence imposed only on the more serious offense of murder. (*Donaldson.*) We therefore reverse the conviction for armed violence.

 Finally, defendant contends the trial court erred in denying his motion to vacate his guilty plea where defense counsel failed to comply with Supreme Court Rule 604(d). (73 Ill. 2d R. 604(d).) We, however, find no abuse of discretion by the trial court. Defense counsel filed a certificate of compliance during the pendency of the appeal. Thus, this requirement has been satisfied. (*People v. Ward* (1977), 55 Ill. App. 3d 878, 371 N.E.2d 103.) The record also discloses that defense counsel reviewed the record and files during the hearing on the motion and consulted with defendant prior to the hearing. Additionally, the trial court was very familiar with the facts of the case since it heard the evidence presented prior to the plea, admonished defendant, and accepted the plea. Upon our review of the facts of this case, we find that the withdrawal of the guilty plea was not necessary to correct a manifest injustice. *People v. Bovinett* (1979), 73 Ill. App. 3d 833, 392 N.E.2d 428.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part.

Judgment affirmed in part, reversed in part.

GOLDBERG and O'CONNOR, JJ., concur.