WILLIAM A. SIMMONS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 19, 1900.*

1. INDICTMENT—*when an indictment for obtaining signature by false pretenses is defective.* An indictment for obtaining the signature to a warranty deed by false pretenses is defective where·it fails to connect the alleged false representations with the making of the deed, so as to show that they operated in obtaining the signature.

2. SAME—*how connection between false pretenses and obtaining of signature must appear.* In an indictment for obtaining the signature to a deed by false pretenses the connection between such pretenses and the obtaining of the signature must appear, either by a natural connection between them or the proper averment of such facts as will lead to a necessary legal conclusion of guilt.

*Simmons* v. *People,* 88 Ill. App. 334, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding..

EDWIN L. HARPHAM, and JOHN C. STETSON, for plaintiff in error.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and ALBERT C. BARNES, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of obtaining by false pretenses the signature of Thomas B. Bryan to a deed. The Branch Appellate Court for the First District affirmed the judgment.

A great many errors are assigned by plaintiff in error and are argued by the respective counsel, but it will only be necessary to consider the assignments that the trial court erred in overruling the motion of the defendant to quash the indictment, and his motion in arrest of judgment based upon the insufficiency of such indictment.

The indictment consists of six counts. They each charge the defendant with obtaining the signature of Thomas B. Bryan to a deed dated April 1, 1896, conveying to one Howard P. Simmons sub-lot 8 in the subdivision of lot 71 in the east part of Ellis' addition to Chicago, in the city of Chicago, county of Cook and State of Illinois, for and in consideration of the sum of $175,000, as expressed in the deed. The first, second, fifth and sixth counts are substantially alike and the third and fourth are alike, the only difference being that in some counts the term "Clark syndicate" is used and in others the term "Clark syndicate companies" is employed, and the second, fourth and sixth counts set out the warranty deed *in hæc verba* and the others do not.

The third and fourth counts, which are the same in effect, allege that defendant, representing himself to be the executive head of a certain syndicate called by him the "Clark syndicate," controlling certain corporations, with intent to defraud Thomas B. Bryan made the following false representations to said Bryan: That defendant, as such duly authorized agent and head of such syndicate, was negotiating with Bryan for said lot; that defendant's son, Howard P. Simmons, was duly authorized, as the agent of such syndicate, to take, and was duly selected by such syndicate to take, the title of such

lot in his own name but in fact as trustee for said syndicate, for the use and convenience of said syndicate in trading, selling and conveying the same, and that said Howard P. Simmons was duly authorized, as such agent, to assume and agree to pay in his own name, for said syndicate, an encumbrance on said lot of $75,000. They charged that the pretenses were made to induce Bryan to place his signature to the deed conveying said lot to Howard P. Simmons, and that said Bryan, by means of such inducements, affixed his signature to said deed and delivered the same to Howard P. Simmons. Each of such pretenses was duly negatived, and it was averred that defendant well knew that Howard P. Simmons was not authorized, as agent of the syndicate, to assume and agree to pay in his own name, for said syndicate, the said mortgage.

The first, second, fifth and sixth counts include in the allegation of false pretenses that the Clark syndicate or Clark syndicate companies, composed of one William Clark and associates, was then operating and controlling certain companies, to-wit: Carrabelle, Tallahassee and Georgia Railroad Company, Georgia and Florida Investment Company, Scottish Land and Improvement Company and Gulf Terminal and Navigation Company, and certain land then belonging to said Georgia and Florida Investment Company in the State of Florida; that defendant was the duly authorized and empowered agent to sell and exchange, and contract for sale and exchange of, said lands for other lands and property; that said lands were then worth $10 per acre and were commanding that price on the market; that defendant, as the executive head of said syndicate and its authorized agent, was then and there, for and on behalf of said Clark syndicate, negotiating with Bryan for the purchase of said lot, and that by means of said representations, with others, he obtained the deed in question, whereas, in truth, the said Florida lands were not worth the sum of $10 per acre and

were not then commanding that price in the market. The difference between these counts and the third and fourth is, that they contain the further charges of false representations concerning the value of the Florida lands. As against these counts making such charges concerning the Florida lands, it is argued that they are bad, because they do not state that any exchange of the Florida lands was made with Bryan for his lot or that such representations had anything to do with the making of the deed.

It is necessary, in order to constitute the offense with which defendant was charged, that the signature should be obtained by means of the false pretenses, and that fact must be adequately set forth in the indictment. The first, second, fifth and sixth counts, alleging false pretenses concerning the value of the Florida lands, do not show that any such pretenses had any connection whatever with the signing and delivery of Bryan's deed. They do not allege that any exchange of Florida lands was brought about by any representations of their value or that a deed was given in exchange for them. Counsel for the People concede that this point may be good as to said counts, and say that they do not rely upon said counts and made no attempt to support their allegations or to prove the value of the Florida lands. They say that they rely upon the third and fourth counts, and that the other counts should be eliminated from the discussion, and they confine their argument to the sufficiency of the third and fourth counts. The substance of the false pretenses alleged in those counts is, that the defendant was negotiating, as the agent and executive head of the Clark syndicate, with Bryan for the purchase of said lot; that Howard P. Simmons was the authorized agent of the syndicate to take the title for said syndicate, and was duly authorized, as the syndicate's agent, to assume and agree to pay the encumbrance in his name for said syndicate. The representations having been made, and being false and made with intent to defraud Bryan,

as alleged, it was next necessary, by the indictment, to connect them with the making of Bryan's deed, so as to show that they operated in obtaining his signature. The connection between the pretenses and obtaining the signature must appear either by a natural connection between them or by facts properly averred, so that the facts will lead to a necessary legal conclusion of the guilt of the defendant. So far as the averment that defendant pretended he was negotiating for the purchase of the property as the agent or executive head of a syndicate is concerned, the statement would make no difference to Bryan unless some obligation was assumed toward him involving an agency for the syndicate or the power of such executive head. If no such obligation was assumed, it could make no difference to Bryan in what capacity or for whom the defendant was acting, and there is no averment that the defendant assumed to act for the syndicate in the creation of any such obligation. The counts in question do not show in any way that the false pretenses as to the character in which the defendant was acting induced the making of the deed.

So, also, as to the pretenses that Howard P. Simmons was authorized to take the title to the lot for the syndicate and to assume and agree to pay the encumbrance in behalf of said syndicate. The indictment does not allege that he undertook or assumed to receive the title for such syndicate or to pay the encumbrance on the lot for or on behalf of such syndicate. The fourth count sets out the deed *in hæc verba.* It is a warranty deed, dated April 1, 1896, made by Thomas B. Bryan and Jennie B. Bryan, his wife, to Howard P. Simmons, conveying sub-lot 8, and contains this provision: "Subject, nevertheless, to an encumbrance now resting on said property, securing the principal sum of seventy-five thousand dollars ($75,000), which, with accrued interest thereon since September 16, 1895, the party of the second part, being the grantee under this deed, hereby assumes and agrees to

pay." Howard P. Simmons was the grantee in the deed as an individual, in his own right, with no addition or description as trustee or agent of any syndicate, and nothing is said about any such syndicate or any agency. The copy of the deed set out shows only a personal obligation of Howard P. Simmons. So far as the counts go, the defendant represented that Howard P. Simmons had power to receive the title for the syndicate and to bind it by assuming and agreeing to pay the encumbrance, but he in fact never did so. The representation that he had power, for and on behalf of the syndicate, to assume and agree to pay the mortgage would have no effect to induce Bryan to make a deed to him, unless he did agree, for the syndicate, to assume and agree to pay the mortgage or bind the syndicate in some way to do it. The mere fact of his having such power as was alleged in the pretenses would not lead anybody to the conclusion that Bryan made his deed in consequence of his having the power. If the statement was false and Howard P. Simmons had no power to act for the syndicate by assuming and agreeing to pay the mortgage, it would be immaterial to Bryan and would not induce him to make the deed unless Howard P. Simmons assumed to exercise the power and agreed that the syndicate should pay the mortgage. Neither of the counts avers that Howard P. Simmons assumed to exercise the power, which defendant represented that he had, or that such assumption of power related to the consideration of the deed or furnished any reason why it was executed.

The court erred in not sustaining the motion to quash and the motion in arrest of judgment.

The judgments of the Branch Appellate Court and the criminal court of Cook county are reversed and the cause is remanded to the criminal court.

*Reversed and remanded.*