THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES H. GUNN, JR., Defendant-Appellant.

Third District   No. 82—594

Opinion filed February 23, 1983.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, James H. Gunn, Jr., was charged by information with the offense of theft by deception of property exceeding the value of $150. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(b).) The information specifically stated:

"*** James Henry Gunn, Jr. on the 24-27 day of June in the year of our Lord One Thousand Nine Hundred and Eighty at and within said County of Rock Island in the State of Illinois aforesaid, committed the offense of THEFT BY DECEPTION, in that the said defendant knowingly obtained, by deception, control over property of the Moline National Bank, Moline, Rock Island County, Illinois, being Six Thousand Eight Hundred Dollars ($6,800.00) in United States Currency, having a total value in excess of One Hundred Fifty ($150.00) Dollars, intending to deprive the owner permanently of the use and

benefit of the property, in that he, between June 24, 1980 and June 26, 1980, deposited three (3) checks totaling $10,200.00 into his checking account with the Moline National Bank, account No. 04443322, said checks being numbered 105, 501, and 505, dated June 23, 1980, June 25, 1980 and June 26, 1980, respectively, made payable to James Gunn, and signed as maker Osler Houston, and he, between June 26, 1980 and June 27, 1980, received United States Currency in the amount of $6,800.00 from the Moline National Bank by writing five (5) checks on his aforesaid account with the Moline National Bank totaling $6,800.00, said checks being numbered 145, 143, 146, 001 and 150, dated June 26, 1980, June 26, 1980, June 26, 1980, June 27, 1980 and June 27, 1980, respectively, made payable to Cash and signed as maker James Gunn, knowing that the three (3) checks deposited into his account would not be paid by the depository, the First National Bank of Rock Island, in violation of Section 16—1(b), Chapter 38, Illinois Revised Statutes."

Prior to trial, the defendant filed a motion to quash or dismiss the information on the grounds that it did not describe a crime or a causal connection between the deposits and withdrawals. The motion was denied following a hearing. The claim was renewed by the defendant in a motion in arrest of judgment filed after the trial. It was denied again.

During the jury trial on the instant offense, the State presented the testimony of numerous witnesses. Their testimony established that the defendant was employed by Osler Houston in May 1980 as an automotive mechanic for a period of two weeks. In June 1980, Houston discovered that someone had signed his name on three separate checks which totaled $10,200. These checks were to be drawn on his account with the First National Bank of Rock Island and were made payable to the defendant. Houston did not owe the defendant money.

The three checks were deposited in the defendant's account with the Moline National Bank on June 25 and 26, 1980. An expert stated that the defendant had endorsed the checks with his signature. Also, the defendant's fingerprints were identified on the checks. The First National Bank refused to honor the checks because of insufficient funds.

Five checks totaling $6,800 and drawn on the defendant's account with the Moline National Bank were cashed between June 26 and 28, 1980. An expert stated that the defendant had written the five checks.

The defendant presented the testimony of Arnold Radar, who accompanied the defendant to the Moline National Bank sometime in June 1980. He saw the defendant deposit a check but did not know the amount of the check or who wrote the check. Radar merely testified that he saw the defendant receive the check from someone.

Following closing arguments and instructions, the jury returned a verdict of guilty. The defendant was subsequently sentenced to a term of three years of imprisonment. He appealed.

The issue on appeal involves the sufficiency of the information. The defendant asserts that the information failed to charge an offense because it did not allege all the essential elements of theft by deception. There was no allegation of facts which showed that the Moline National Bank relied upon the defendant's misrepresentations. No link between the defendant's alleged misrepresentations in making the deposits and his conduct in making the withdrawals was alleged or apparent by a natural connection. *Simmons v. People* (1900), 187 Ill. 327, 58 N.E. 384.

An essential requirement of a valid charging instrument is that it set forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a)(3).) The elements of the offense of theft by deception are that a named person owned or possessed specified property; that the accused knowingly obtained control over that property by deception; and that the accused acted with the intent to permanently deprive the named person of the use and benefit of that property. (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(b); *People v. Puleo* (1981), 96 Ill. App. 3d 457, 421 N.E.2d 367.) Reliance upon the misrepresentation of the accused is not a separate element of the offense which must be specifically alleged, particularly where the connection is apparent between the defendant's misrepresentation and the acquisition of the property. *People v. Wurster* (1980), 83 Ill. App. 3d 399, 403 N.E.2d 1306.

The information in the instant case contains the necessary requirements to be a valid charging instrument under section 111—3 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1981, ch. 38, par. 111—3.) It specifically states the elements of the offense of theft by deception in that "the said defendant knowingly obtained, by deception, control over property of the Moline National Bank *** intending to deprive the owner permanently of the use and benefit of the property ***." The information sufficiently apprised the defendant of the transaction which formed the basis of the offense charged in order to enable him to prepare a defense. *People v. Wurster* (1980), 83 Ill. App. 3d 399, 403 N.E.2d 1306.

The facts alleged in the information establish a natural connection between the facts and the offense so that reliance upon the defendant's misrepresentation is apparent. The Moline National Bank demonstrated its reliance upon the defendant's misrepresentation that the three checks deposited in his account and payable through the First National Bank of Rock Island would be honored by its payment of the defendant's five checks drawn on his account. The defendant deposited the three checks in his account knowing that they would not be paid by the First National Bank. It was not necessary to allege that the defendant did not have enough money in his account to pay the checks drawn on it, excluding the deposits made on Houston's account, since this factor is implicit in the language that the defendant obtained control over property of the Moline National Bank. The money paid to the defendant on his five checks belonged to the bank and not the defendant.

Therefore, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.