THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN W. YOUNG III, Defendant-Appellant.

Third District   No. 3—84—0169

Opinion filed January 14, 1985.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, John W. Young III, appeals from the denial of his motion to vacate his guilty plea. Young pleaded guilty to three counts of theft by deception. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(b)(1).) We affirm.

The instant case involves a series of checks written on accounts held in various banks. On March 3, 1983, the defendant established an account at the Standard Chartered Ltd. Bank. This account was established with two checks totaling $125,000 and drawn on an account which had not contained any funds since 1981. The defendant next wrote a check on the Standard account for $250,000 and used this check to establish an account at Moline National Bank on March

8, 1983. The defendant then wrote six checks on the Moline account. It is the writing of these six checks which was the basis for the charges against the defendant.

The defendant argues on appeal that the court erred in finding that there was a sufficient factual basis for his guilty plea. The defendant argues specifically that the facts presented do not establish the requisite deception by the defendant because a check cannot be true or false.

The defendant relies on the decision in *Williams v. United States* (1982), 458 U.S. 279, 73 L. Ed. 2d 767, 102 S. Ct. 3088. The Supreme Court held in *Williams* that, because a check cannot be true or false, the writing of a check not supported by sufficient funds could not constitute the offense of false statement. The defendant argues that, based on the *Williams* decision, a "bad" check cannot be a means of deception.

The defendant's reliance on *Williams* is misplaced. The court in *Williams* directed its analysis toward the issue of whether a check constituted a "statement" which could be true or false, as defined in 18 U.S.C. sec. 1014 (1976). Section 1014 prohibits, in relevant part, the making of "any false statement or report" for the purpose of influencing the action of any of the described financial institutions.

Young was charged with theft by deception under section 16—1(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(b)(1)). One element of the offense of theft by deception is that the accused knowingly obtained control over property by deception. (*People v. Gunn* (1983), 112 Ill. App. 3d 1011, 446 N.E.2d 281.) Deception is defined, in part, as knowingly creating or confirming another's impression which is false and which the offender does not believe to be true. (Ill. Rev. Stat. 1983, ch. 38, par. 15—4(a).) Thus, the State was required to prove only that the defendant knowingly created a false impression which he himself did not believe to be true when he wrote the checks in question.

The distinction between the Federal offense of making a false statement and the instant offense of deception is critical. The *Williams* court concluded that a check does not make a factual "statement" as to the state of an individual's bank account despite the Government's argument that a drawer on a check is generally understood to represent that he has sufficient funds to cover the face value of the check. The Supreme Court found the Government's argument to be plausible, but declined to adopt it for two reasons.

The first reason was that the argued interpretation contravened the express language of the statute, specifically the term "state-

ment." By contrast, the statutory language of section 116—1(b)(1) is broad, establishing an offense when only a false impression is created. The language of section 116—1(b)(1) is clearly broad enough to encompass the impression a drawer creates when writing a check that the drawer has sufficient funds in his account to support the check.

■ The second reason was that adoption of the Government's argument would have made "a surprisingly broad range of unremarkable conduct a violation of federal law." (458 U.S. 279, 286, 73 L. Ed. 2d 767, 774, 102 S. Ct. 3088, 3093.) The Supreme Court found no evidence of an intent by Congress to enact a law covering this range of conduct. Again, by contrast, the Committee Comments to section 16—1(b)(1) expressly provide that the writing of a check not supported by sufficient funds falls within the scope of prohibited conduct. (Ill. Ann. Stat., ch. 38, par. 16—1(b)(1), Committee Comments, at 18 (Smith-Hurd 1977).) The decision in *Williams* does not, therefore, preclude an accused from being charged in Illinois with theft by deception based upon the writing of a check not supported by sufficient funds.

■ We find that a sufficient factual basis for the defendant's convictions was presented to the trial court. Whether a defendant should be allowed to withdraw a plea of guilty is within the discretion of the trial court. (*People v. O'Connor* (1976), 37 Ill. App. 3d 310, 345 N.E.2d 520.) We find no abuse of discretion in the instant case.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.