THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOE GIRARD, Defendant-Appellant.

Third District   No. 76-152

Opinion filed April 30, 1977.

James Geis and Martin Carlson, both of State Appellate Defender's Office, of Chicago, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas Homer, State's Attorney, of Lewistown (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant Joe Girard was tried before a jury and found guilty of theft of property having a value in excess of $150. Defendant appeals from the sentence of one to three years.

According to the evidence at trial, defendant and some friends were together at Ron Seward's trailer when defendant gave Seward permission to use his car to get some beer. Seward and two others left in defendant's car, went to the Banner School in Banner, Illinois, entered the school, and removed school equipment having a value of about $515. Seward and the others returned to the trailer with the stolen items. Defendant then drove the car containing the stolen items to Peoria where he helped Seward and the others unload the car at the home of an acquaintance who was to sell the items for them. Defendant was found guilty of felony theft.

The presentence report indicated that defendant was 19 years old, and that his prior record included convictions for petty theft, disorderly conduct, and contributing to the delinquency of a minor. Defendant was on probation for the latter crime at the time of his arrest in the case at bar.

During the sentencing hearing the following dialogue occurred:

"COURT: I think it would be expecting miracles to think that you could respect probation based * * * on a conviction which you feel is unjust.

DEFENDANT: I know I am guilty on driving the car but I am not guilty on stealing * * *."

COURT: * * * I am not trying to get you to say certain words to please me or anything like that, I don't want that. I am not taking issue with your feeling particularly, I am just saying that in view of those feelings, I can't expect that probation would work.

* * *

It is a very difficult thing for this Court to do so in view of your age, frankly, but with your past record and with your belief that you have really done nothing wrong here, and I don't want to discuss that with you, I don't see how you could reasonably expect probation, and if it doesn't work, you are going to suffer more severe consequences than if you were sentenced now."

The court then found that defendant was in need of correctional

treatment that could most effectively be provided by a sentence of imprisonment and that probation would deprecate the seriousness of the conduct for which he was found guilty and would be inconsistent with the ends of justice. The court concluded by denying defendant's request for probation and imposing a sentence of one to three years in the penitentiary. Defendant appeals from the sentence, and we affirm.

■■■ Defendant's sole contention is that the trial court improperly required an acknowledgement of guilt as a prerequisite to granting probation. Defendant asks that the sentence be vacated, and the cause remanded for a new probation hearing.

The record indicates that the trial judge considered the factors required by section 5—6—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1) before imposing sentence. The trial judge's comments concerning defendant's failure to acknowledge his guilt were directly related to two of those factors: his need for correctional treatment and the seriousness of his criminal conduct.

The question of granting probation is within the discretion of the trial court, and the scope of review from a denial of probation is limited to determining whether the trial court abused that discretion by acting in an arbitrary manner. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.) The record here does not indicate that the trial court acted arbitrarily in this case.

Accordingly, we affirm the conviction and sentence of the Circuit Court of Fulton County.

Affirmed.

ALLOY and STOUDER, JJ., concur.