THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTY DUBUISSON, Defendant-Appellant.

Third District No. 3—85—0043

Opinion filed September 16, 1985.

Anthony Jamison, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Marty Dubuisson, appeals from the court's denial of his motion to withdraw his guilty plea and from his sentence. We affirm.

The defendant was originally charged with delivery of more than 30 grams of a substance containing cocaine, a Class X offense. The defendant entered a blind plea of guilty to the offense of unlawful delivery of more than 10 grams, but not more than 30 grams, of a substance containing cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(b)(2)), a Class 1 felony. Following a hearing in aggravation and mitigation, the court sentenced the defendant to four years' imprisonment with two years' mandatory supervised release. The defendant then moved to withdraw his guilty plea. The court denied the defendant's motion. The defendant brought the instant appeal. We affirm.

■ The defendant's first argument on appeal is that he should have been allowed to withdraw his guilty plea. Specifically, the defendant argues that his plea was not voluntary as the prosecution breached the plea agreement by presenting evidence in aggravation at the sentencing hearing.

A defendant's guilty plea is rendered invalid if adduced by an unfulfilled promise of the prosecutor. (*People v. Dickinson* (1973), 13 Ill. App. 3d 469, 300 N.E.2d 294.) A defendant bears the burden of demonstrating to the trial court the necessity of withdrawing his plea.

(*People v. Smithey* (1983), 120 Ill. App. 3d 26, 458 N.E.2d 87.) It is within the sound discretion of the trial court whether to allow a defendant to withdraw his guilty plea. We will not disturb the court's decision absent an abuse of that discretion. *People v. Hiera* (1980), 81 Ill. App. 3d 571, 402 N.E.2d 290.

The record shows adequate admonishments and facts to support the defendant's plea. The record further shows that in attempting to demonstrate his need to withdraw the plea, the defendant offered only unsubstantiated suggestions that his plea was conditioned on a prosecution promise not to present sentencing evidence in aggravation. We find no abuse in the court's denial of the defendant's motion.

■ The defendant's second argument on appeal is that the court abused its discretion by sentencing the defendant to a term of imprisonment rather than to probation. In this argument, the defendant emphasizes his youth and asserts that his background and attitude make him a good candidate for rehabilitation on probation. The defendant also asserts that the sentencing court was predisposed to sentence him to imprisonment. We disagree.

Section 5—6—1(a) of the Unified Code of Corrections provides that a sentencing court shall impose a sentence of probation or conditional discharge unless it finds either that the offender's imprisonment is necessary to protect the public or that such a sentence deprecates the seriousness of the offense and is inconsistent with the ends of justice. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a).) The granting of probation is within the sound discretion of the sentencing court. We will not reverse the court's decision absent failure or abuse of discretion. *People v. Girard* (1977), 48 Ill. App. 3d 1, 362 N.E.2d 472.

We find no failure or abuse of discretion here. Unlike the record in defendant's authority of *People v. Kendrick* (1982), 104 Ill. App. 3d 426, 432 N.E.2d 1054, the record here does not show that the court had any predisposition to sentence the defendant to prison. Rather, the record shows that the court considered all the evidence in mitigation and in aggravation before deciding to impose a sentence of imprisonment. The evidence in aggravation, including evidence of the circumstances of the instant offense in which the defendant sold two ounces of cocaine for $4,000, supports the court's conclusions that a sentence of imprisonment was necessary for the protection of the public and that probation would deprecate the seriousness of the offense.

■ The defendant's third and final argument is that the defendant's sentence was disproportionate considering the term of probation imposed upon the codefendant, Lorene Marr. According to the defendant, he and Marr were similarly situated at sentencing except that

Marr was more culpable than he. The following additional facts are relevant to this issue.

The evidence before the court established that the codefendant, Marr, took a drug enforcement agent to the defendant's residence, accepted $4,300 from the agent, went inside the defendant's residence with the money, and brought back to the waiting officer over 30 grams of a substance containing cocaine. Following Marr's immediate arrest, Marr had $300 in her possession; the defendant had $4,000 in his residence. The evidence also showed that a similar exchange, involving the same three persons but a smaller amount of cocaine-containing substance, occurred approximately one week prior to the instant offense. In regards to those two incidents, the codefendant, Marr, was convicted on guilty pleas to two Class 1 felony offenses of unlawful delivery of a controlled substance. She was sentenced to a term of probation.

Fundamental fairness requires that similarly situated defendants ought to receive similar sentences. (*People v. Bares* (1981), 97 Ill. App. 3d 728, 423 N.E.2d 538.) However, the disparity between sentences for codefendants will not be disturbed when warranted by differences in the nature and extent of each defendant's participation in the offense or by the history and character of the defendants. *People v. Stambor* (1975), 33 Ill. App. 3d 324, 337 N.E.2d 63.

We find no basis to disturb the defendant's sentence. The record supports the conclusions of the trial court that the defendant, Dubuisson, and his codefendant, Marr, were not similarly situated at sentencing. In denying the defendant's motion to withdraw his guilty plea, the court found Marr to be young, caught up in a lifestyle induced by her boyfriends, and truthful concerning her remorse and recently altered lifestyle. Also, the court found Marr's role to be that of a conduit rather than that of a dealer. On the other hand, the court found the defendant to be an intelligent, educated young man freely determined to profit from dealing in illegal drugs. Further, the court found untruthful the defendant's testimony regarding topics such as the extent of his drug dealing. Based on the defendants' differing histories and roles in the offense, the record supports the court's denial of probation to the defendant Dubuisson despite its grant of probation to Marr.

Based on the foregoing, we affirm the judgment of the circuit court of Rock Island County.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.