THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HAROLD KAEBEL, Defendant-Appellant.

Third District   No. 3—86—0201

Opinion filed January 7, 1987.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Joan Scott, State's Attorney, of Lewistown (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant pleaded guilty to the offense of murder and was sentenced to a prison term of 75 years. The defendant appeals from the denial of his motion to withdraw his guilty plea. We affirm.

The defendant's first issue is whether the trial court erred in not allowing the defendant to present at the hearing on the motion to withdraw his guilty plea evidence that the influence of drugs had rendered his plea of guilty involuntary. In his motion, the defendant alleged that when he pleaded guilty, he was not completely aware of the sentencing laws and their consequences and that he was pressured by having been incarcerated for several months. At the hearing on the motion, the defendant testified that when he pleaded guilty he was taking medication, specifically phenobarbital, Valium, and Thorazine, which affected his thinking process. The State objected to this testimony because the allegation that drugs rendered the defendant's plea involuntary had not been included in the motion to withdraw his plea. The court sustained the State's objection.

The defendant argues that because the influence of drugs combined with the pressures of incarceration might have resulted in an unknowing and involuntary guilty plea, the testimony regarding his medication was relevant and necessary to prove the allegations that he was not completely aware of his sentencing alternatives. The State argues that the defendant has waived this issue by failing to present it in the motion to withdraw his plea. However, the voluntariness of a guilty plea affects a substantial right, and pursuant to Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)), this court will review the issue.

A reviewing court will not disturb a trial court's decision to deny the withdrawal of a guilty plea unless it was an abuse of discretion. (*People v. Dubuisson* (1985), 136 Ill. App. 3d 305, 483 N.E.2d 659.) The determination of whether evidence should be excluded is left to the sound discretion of the trial judge. *People v. Boyle* (1979), 78 Ill. App. 3d 791, 396 N.E.2d 1347.

■ In the case at bar, the defendant failed to state in the motion to withdraw his guilty plea that the ingestion of drugs influenced his ability to voluntarily enter a plea of guilty. Consequently, the State was unprepared to contest this issue at the hearing. The defendant could have amended his motion to include this issue but did not. Additionally, we note that the record of the plea proceedings in no way suggests that the defendant's perception and comprehension were impaired by any medication. We find that the trial court did not abuse its discretion.

■ The defendant's second and final issue is whether the trial court abused its discretion at sentencing in considering as a statutory aggravating factor that the defendant's conduct caused serious harm. The defendant argues that because serious harm is a factor implicit in every offense of murder, the consideration of that factor in aggravation unfairly doubly aggravated the murder sentence imposed.

At the sentencing hearing, the court found no mitigating factors. The court found as factors in aggravation that the defendant's conduct caused serious harm, that the defendant had a history of prior criminal activity and was currently on probation for battery, and that a sentence was necessary to deter others from committing the same crime. The court further found that an extended-term sentence was warranted because the offense was accompanied by brutal and heinous conduct indicative of wanton cruelty.

The State contends that the defendant has waived this issue on appeal for his failure to object at sentencing and to include it in his motion to withdraw his guilty plea. However, the issue raised by the defendant affects a substantial right; we will review the issue as plain error. 87 Ill. 2d R. 615(a).

■ A reviewing court will not disturb the sentence imposed by a trial court absent an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) It is improper for a trial judge to consider serious harm as an aggravating factor when sentencing a defendant for murder. *People v. Amos* (1985), 140 Ill. App. 3d 14, 488 N.E.2d 290; *People v. Knox* (1984), 121 Ill. App. 3d 579, 459 N.E.2d 1077.

We note on this matter this district is in conflict with the Fifth District, where a trial judge sentencing a defendant for murder may properly consider serious harm in aggravation. (*People v. Hughes* (5th Dist. 1982), 109 Ill. App. 3d 352, 440 N.E.2d 432; *People v. Andrews* (5th Dist. 1982), 105 Ill. App. 3d 1109, 435 N.E.2d 706.) However, as we expressed in *Amos*:

"In murder, the killer causes the greatest of bodily harm.

There can be no absence of bodily harm. However, the trial judge is not without power to punish the brutal killer. He can punish the offender by use of the extended term provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(2)) if the murder is exceptionally brutal or is indicative of wanton cruelty. It is here the legislature allows the sentencing judge to consider the severity of the murder in sentencing the defendant." *People v. Amos* (3rd Dist. 1985), 140 Ill. App. 3d 14, 24, 488 N.E.2d 290, 297.

The State argues that under the recent supreme court decision of *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138, a trial court may properly apply serious harm as a factor in aggravation when considering the force employed and the physical manner in which the victim's death was brought about. *Saldivar*, however, is distinguishable because the offense involved there was voluntary manslaughter, not murder. *Saldivar* is inapplicable here.

■ Turning to whether the instant cause should be remanded for resentencing, we find that remandment is unnecessary as the trial court did not abuse its discretion. Using a machete, the defendant decapitated the victim, dismembered other parts of her body, disposed of the body parts into the Illinois River, and concealed the weapon and other traces of the murder. For his shocking actions, the defendant could have received as a maximum sentence a term of natural-life imprisonment. Instead, he was sentenced to less than the 80-year maximum for an extended-term sentence. While the trial court considered an improper aggravating factor at sentencing, we find no prejudice to the defendant.

Accordingly, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.