THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK L. RHOADES, Defendant-Appellant.

Third District   Nos. 3—96—0493, 3—96—0494 cons.

Opinion filed June 23, 1997.—Rehearing denied July 30, 1997.

Ronald Packowitz (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Terry A. Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant entered guilty pleas to two counts of burglary and one count of theft. 720 ILCS 5/19—1, 16—1 (West 1994). The trial court sentenced the defendant to concurrent prison terms of eight and nine years on the burglary counts and to a consecutive seven-year term for theft.

On appeal, the defendant contends that this court should vacate his sentence and allow him to withdraw his guilty pleas due to the trial judge's failure to properly admonish him of the potential penalties for his offenses. We affirm.

## FACTS

Initially, the defendant was charged with residential burglary and burglary in two separate Tazewell County incidents and with felony theft in Peoria County. The Peoria case was transferred to Tazewell County for disposition.

On November 22, 1993, the parties presented a partially negotiated plea to the court with respect to all three cases. The State agreed to reduce the residential burglary charge to simple burglary in exchange for the defendant's agreement to enter open pleas to all three charges.

The trial judge admonished the defendant that he faced a Class 2 sentence of three to seven years for each burglary count, with the possibility of an extended term of 7 to 14 years for each. The court also informed the defendant that he faced a consecutive sentence of two to five years, with the possibility of an extended term of 5 to 10 years for the Class 3 theft charge. A consecutive sentence was required because the defendant was on pretrial release on the felony theft charge at the time he committed the burglaries. 730 ILCS 5/5—8—4(h) (West 1994). Finally, the trial judge advised the defendant that he was eligible for probation on all three charges.

While there was no agreement as to sentence, it appears that the prosecutor and defense attorney mistakenly believed that the amendment of the residential burglary charge made the defendant eligible for probation through the program commonly known as TASC (Treatment Alternatives for Special Clients). 20 ILCS 301/40—5, 40—10 (West 1994) (formerly 20 ILCS 305/10—101, 10—102 (West 1992)). In actuality, the defendant was ineligible for TASC probation due to a prior residential burglary conviction. Further, due to his criminal history,[1] the defendant was also ineligible for standard probation

---

[1]The defendant had prior felony convictions in Fulton County for burglary (1984), burglary (1985), and residential burglary (1987).

since the trial court had to impose Class X sentences for the burglary convictions.

At the sentencing hearing, the defendant testified that he was an alcoholic and asked to be sentenced to TASC probation. The prosecutor pointed out that the defendant had to be sentenced as a Class X offender for the burglaries. Additionally, he asked for a consecutive extended-term sentence for the defendant's theft conviction. The prosecutor agreed that the defendant was eligible for TASC probation, but argued that the court should reject that alternative due to a lack of evidence that the defendant's crimes were alcohol related and because of the defendant's extensive criminal history.

Defense counsel concurred with the prosecutor's statements relative to the sentencing alternatives available to the court, but asked the court to sentence the defendant to TASC probation. He pointed out that the State had allowed the defendant to remain eligible for TASC by reducing his residential burglary offense to simple burglary.

Without specific reference to the defendant's request for TASC probation, the trial judge determined that a sentence of probation would have deprecated the seriousness of the defendant's conduct and that imprisonment was necessary for the protection of the public. The court imposed concurrent prison terms of eight and nine years on the two burglaries, to run consecutively with an extended-term sentence of seven years on the Class 3 theft conviction, the equivalent of a 16-year sentence.

Thereafter, the defendant filed a motion to set aside his plea of guilty, alleging that the sentence was excessive and that the trial court had erred in refusing to sentence him to TASC probation. At the hearing on this motion, defense counsel noted that the purpose of the defendant's guilty plea was to give him an opportunity to receive TASC probation.

The trial court denied the motion, and the defendant appealed to this court. In an order dated July 5, 1995, this court remanded the cause for new post-plea proceedings because defendant's trial counsel had failed to file a proper Rule 604(d) (134 Ill. 2d R. 604(d)) certificate. On remand, defense counsel filed a new post-plea motion entitled "Supplemental Motion to Reduce Sentence" in which he argued that: (a) the sentence was excessive; (b) the trial court failed to properly admonish the defendant at the time of his plea of the "possibility" of a Class X sentence; and (c) the trial court erred in refusing to grant the defendant's request for TASC probation.

On May 29, 1996, the trial judge conducted a rehearing on the defendant's original motion to set aside his plea and considered the

supplemental motion to reduce sentence. The trial judge denied both motions, stating that he had not imposed Class X sentences but rather Class 2 extended-term sentences on the burglaries and a Class 3 extended-term sentence on the theft. On appeal, the defendant argues that he should have been allowed to withdraw his guilty pleas because the trial court did not properly admonish him of the potential penalties for his offenses.

## ANALYSIS

■ It is well settled that a defendant has no absolute right to withdraw his guilty plea. *People v. Thurmond*, 262 Ill. App. 3d 200, 203, 634 N.E.2d 1180, 1182 (1994). Whether to grant a defendant leave to withdraw a guilty plea is a matter within the sound discretion of the trial judge. His decision will not be disturbed on appeal unless there has been an abuse of that discretion. *People v. Dubuisson*, 136 Ill. App. 3d 305, 307, 483 N.E.2d 659, 661 (1985).

■ The United States Supreme Court, in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), addressed the issue of a defendant's need to understand the consequences of his entering a guilty plea. In that case, it was held that it is a violation of due process for the court to accept a guilty plea in state criminal proceedings without an affirmative showing, placed on the record, that the defendant voluntarily and understandingly entered his plea of guilty.

■ Illinois Supreme Court Rule 402(a)(2), enacted in response to *Boykin*, states:

> "The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
> ***
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected *because of prior convictions* or consecutive sentences." (Emphasis added.) 134 Ill. 2d R. 402(a)(2).

A trial judge's failure to state the penalty to which a defendant may be subjected may render a plea involuntary. Whether reversal is required depends upon whether real justice has been denied or the defendant has been prejudiced by the inadequate admonishment. *People v. Clark*, 276 Ill. App. 3d 1002, 659 N.E.2d 421 (1995).

■ Because of the defendant's criminal history, the trial court was required by statute to impose Class X prison sentences for the burglaries. 730 ILCS 5/5—5—3(c)(8) (West 1994). In addition, the court was precluded from sentencing the defendant to TASC probation due to his prior conviction for residential burglary. 20 ILCS 301/40—5(7) (West 1994) (formerly 20 ILCS 305/10—101(g) (West 1992)).

Because the trial judge in the instant case failed to inform the defendant that he was ineligible for probation and the sentencing range for Class X offenses, the admonishments were incorrect as they applied to this defendant. In addition, defense counsel had mistakenly advised the defendant that the plea agreement had made him eligible for TASC.

Our supreme court had occasion to consider a similar factual situation in *People v. Davis*, 145 Ill. 2d 240, 582 N.E.2d 714 (1991). As in the instant case, the defendant in *Davis* entered into a plea agreement whereby the State reduced a pending residential burglary charge to simple burglary in exchange for the defendant's agreement to plead guilty to the lesser charge. The trial court admonished the defendant as to the minimum and maximum penalties for a Class 2 felony, including the possibility of the defendant receiving a sentence of probation. The trial judge then granted the defendant's request to undergo a TASC evaluation and continued the matter for sentencing. As in the instant case, due to his criminal history, the defendant was eligible for neither standard probation nor TASC probation. Prior to sentencing, the defendant's attorney requested a continuance upon learning that the defendant was not eligible for TASC probation. The trial court denied the motion and imposed a 10-year prison sentence. Thereafter, the defendant filed a motion to withdraw his guilty plea, arguing that his motivation in pleading guilty to the lesser charge was to establish TASC probation as an additional sentencing option and that the trial court should have allowed him to withdraw his plea once it was discovered that he was not eligible for TASC probation.

The *Davis* court noted that failure to properly admonish a defendant does not automatically establish grounds for vacating a plea, nor does a defendant's misapprehension as to TASC eligibility, standing alone. However, the court found that at the time of his plea, there was "no evidence which indicate[d] that defendant knew that he was ineligible for TASC, probation or conditional discharge." *Davis*, 145 Ill. 2d at 250, 582 N.E.2d at 719. Therefore, the court reasoned that the defendant had been prejudiced by the inadequate admonishments and that the trial judge abused his discretion in not allowing the defendant to withdraw his plea. *Davis*, 145 Ill. 2d at 250, 582 N.E.2d at 719.

In the instant case, while the defendant believed that he was eligible for TASC, he knew he was not eligible to receive standard probation. At the sentencing hearing, defense counsel acknowledged that the defendant's prior criminal history had made the defendant ineligible for standard probation and subject to a Class X sentence.

The defendant did not even raise the issue of the court's failure to give Class X admonishments until he filed his supplemental motion to reduce sentence on March 22, 1996, more than two years after the original sentencing hearing. In addition, the defendant's extensive criminal history, which included two prior convictions for burglary and one for residential burglary, negated any objective expectation the defendant may have had of receiving standard probation even if that option had been available to the court. See *People v. Hale*, 82 Ill. 2d 172, 176, 411 N.E.2d 867, 868-69 (1980). At the time of his plea, it appeared to the defendant that he was facing either imprisonment or TASC probation.

In imposing sentence, the trial judge explained:

"THE COURT: Given the history of this defendant and my finding that I believe imprisonment is necessary for the protection of the public and the further finding that I believe that probation would deprecate the seriousness of the offender's repeated criminal conduct, I believe it would be inconsistent with the ends of justice to allow probation in this case.

The range of sentences available to me in the Class 3 felony from Peoria County is two to five years, and he is eligible for extended term of five to ten years on that crime. In regard to the burglary in Tazewell County, the Eller burglary, Class 2 offense, and the Class 2 offense, burglary in the Hopkins matter, because of his prior history, he is eligible for six to thirty years on each of those. My determination is to whether those should be served consecutively or concurrently.

I find in aggravation and mitigation, the factors in mitigation are that the defendant's conduct did not threaten serious physical harm to anyone or was not intended to cause serious physical harm. I find no other factors of mitigation apply.

Factors in aggravation are, of course, the extensive history, being sentenced here for his fourth, fifth and sixth felonies, and deterrent factors, and in addition, the factor that Mrs. Eller was over 60 years of age when the crime was committed against her property.

Therefore, considering all the factors, I am going to sentence Mr. Rhoades to [*sic*] on the Peoria County Class 3 to seven years in the Department of Corrections, extended term, seven years.

And the Tazewell County case, Class 2, the Eller offense, he is going to be sentenced to eight years on that offense, and in the Class 2 burglary, Hopkins matter, nine years, the eight and nine year terms to run concurrently, meaning that the total sentence of the Tazewell [*sic*] of the Peoria County case of seven years and the longest Tazewell County case of nine years, Mr. Rhoades would

be sentenced to the Department of Corrections for a term of 16 years. Any questions about the order, gentlemen?"

Although the trial judge did not specifically reference TASC, it is clear from the record that it was the defendant's request for TASC probation that the judge considered and rejected. The defendant had not requested standard probation. Therefore, the defendant was not prejudiced in this instance, because the trial judge considered his request for TASC probation. The judge rejected the defendant's request after finding that the defendant's imprisonment was "necessary for the protection of the public." See 20 ILCS 301/40—10(b) (West 1994) (formerly 20 ILCS 305/10—102 (West 1992)).

Supreme Court Rule 402 requires only substantial compliance. *People v. Walker*, 109 Ill. 2d 484, 498, 488 N.E.2d 529, 535 (1985); *People v. Wills*, 251 Ill. App. 3d 640, 643, 622 N.E.2d 1271, 1273 (1993). When a trial judge understates the possible maximum penalty but sentences the defendant within the limits he had stated to the defendant at the time of the plea agreement no prejudice results, and the defendant is not entitled to withdraw his guilty plea. *People v. Hoyer*, 100 Ill. App. 3d 418, 420, 426 N.E.2d 1139, 1141 (1981); *People v. Hrebenar*, 131 Ill. App. 2d 877, 266 N.E.2d 733 (1971).

This same reasoning has been applied in a line of cases considering whether a defendant should be allowed to withdraw his guilty plea when he was unaware of the possibility of consecutive sentences. Under those circumstances, courts have found the failure to mention the possibility of consecutive sentences was not prejudicial if the defendant did not actually receive consecutive sentences. *People v. Whitlow*, 86 Ill. App. 3d 858, 875, 411 N.E.2d 1354, 1364 (1980); *People v. Mass*, 31 Ill. App. 3d 759, 765, 334 N.E.2d 452, 456 (1975) ("[I]t would be absurd to reverse a conviction because a certain possibility was not mentioned which had no bearing on the result").

In the instant case, the trial judge informed the defendant at the time of his plea that he was eligible for a maximum term of 38 years in prison. Ultimately, the defendant was sentenced to the equivalent of 16 years. We find that the trial judge's incorrect admonishments did not prejudice the defendant in this case. The defendant's request for TASC probation was considered by the trial judge, and the sentence issued was well within the range explained to the defendant at the guilty plea hearing. Since real justice has not been denied, and the defendant has not been prejudiced in these proceedings, we find that the trial judge did not abuse his discretion in refusing to allow the defendant to withdraw his guilty pleas.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

LYTTON, P.J., and HOLDRIDGE, J., concur.